New Jersey Department of Labor,
Workmen's Compensation Bureau.

MARY DRELICH, PETITIONER, v. OKONITE CO.,
RESPONDENT.

Decided July 31, 1939.

For the petitioner, *Patlen & Amlicke.*

For the respondent, *Reginald V. Spell.*

It is alleged in the petition filed in the above cause that decedent while working in the heat was prostrated and died. The answer filed by respondent is a general denial of the allegation. Employment was stipulated.

Weather report of Department of Agriculture reflects temperature July 10th, 1937, as maximum temperature ninety-eight degrees, minimum seventy-seven degrees, mean temperature eighty-eight degrees, mean humidity thirty-nine degrees.

Dependency is admitted; as is expense of funeral exceeded statutory allowance. Decedent—a male, white individual, weighing two hundred pounds—was employed by respondent as an operator on a machine. Within a short distance from machine there was a wax box which kept contents heated.

A fellow employe, Adam Bak, testified to petitioner's duties, watching machine set upon a platform necessitating climbing up and down three steps. He testified room was hot due to heat from machine as well as from wax box. Decedent after working about two hours took a glass of water, stated he did not feel well. He saw him stagger like a drunken man and could not walk straight. Suggested he be sent home. Next seen one-half hour later dead.

One, Anthony Drelich, son of petitioner, testified of previous good health of petitioner. He stated he took him to work day of occurrence and he had no complaints.

Hospital records were testified to by custodian. Dr. Pasquale Statile, an interne of Passaic General Hospital, examined man on his admission to hospital and made diagnosis of heat prostration. His appearance, when examined, was cynotic with purplish skin. He died within fifteen minutes after admission. Miss Claudin Stark, a student nurse, testified of seeing decedent. Body was very hot, respiratory heavy, and labored. She applied ice cap and cold pack to entire body. Decedent's temperature was one hundred.

Death certificate signed by Dr. Butterfield gives as cause of death "heat prostration." He testified that he was called by respondent and found decedent's body hot and wet with perspiration. Dr. Adolph Kroll and Dr. J. Koppel in answer to hypothetical question were of opinion that death of decedent was causally related to his employment.

Respondent produced two witnesses, one a fellow employe of decedent and an assistant foreman, who testified at length as to condition of room where decedent worked. Copy of payroll was also introduced by respondent.

After careful consideration of testimony I am of the opinion that decedent's death was incidental to his employment and that petitioners are entitled to compensation.

\* \* \* \* \* \* \*

JOHN C. WEGNER,
*Deputy Commissioner.*